UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSE G. APOLLO, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-cv-2492 (APM) |
| BANK OF AMERICA, N.A., et al., | ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Plaintiff Jose G. Apollo, Sr., who is proceeding pro se, brings this action against Defendants Bank of America, N.A., and three of its individual employees, Barry P. James, Nancy Mejia, and Alexandria Scudder. Though far from a model of clarity, Plaintiff's "Second Re-Amended Complaint" alleges, in sum and substance, that Defendants discriminated against him based on his race when, on August 3, 2016, they threw him out of the Bank of America branch office located in Dupont Circle. *See generally* Second Re-Amended Complaint, ECF No. 11. Plaintiff asserts claims of discrimination under 41 U.S.C. §§ 1981 and 1985(3), and a common law claim of intentional infliction of emotional distress. *See id.* at 2. Before the court is Defendants' Motion to Dismiss the Second Amended Complaint. *See* Defs.' Mot. to Dismiss, ECF No. 12; Defs.' Mem. in Support of Mot. to Dismiss, ECF No. 12-1 [Defs.' Mem.]. For the reasons that follow, Defendants' Motion is granted in part, denied in part, and deferred in part.

Defendants first assert that Plaintiff's discrimination claim under Section 1981 fails because Plaintiff has not "allege[d] any facts plausibly supporting a minimal inference of discriminatory motivation." Defs.' Mem. at 3. To satisfy the pleading standard of Federal Rule of Civil Procedure 8(a), a plaintiff asserting a claim of discrimination need only allege facts that

"give[ ] [the defendant] fair notice of the basis for [the plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In *Swierkiewicz*, the Court held that a complaint alleging national origin and age discrimination satisfied the notice pleading requirement in which the plaintiff had "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* In light of *Swierkiewicz*, "courts in this Circuit have consistently recognized the ease with which a plaintiff claiming discrimination can survive a motion to dismiss." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (cleaned up).

Plaintiff's Section 1981 claim satisfies this low pleading bar, except with respect to Defendant James. The Second Re-Amended Complaint details the allegedly discriminatory act (throwing Plaintiff out of the bank), who participated in that act (Mejia and Scudder), and where and when it occurred (the Dupont Circle Bank of America branch on August 3, 2016). *See* Second Re-Am. Compl. at 2–8. Moreover, Plaintiff makes specific factual allegations that, if presumed to be true, support a plausible inference of race discrimination, including harassing phone calls by Mejia, denial of bank services for false reasons, and an unceremonious removal from the bank's premises. *See id*. at 5–7. It is immaterial that the court believes Plaintiff's prospect of "a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal citation omitted). It is sufficient, at this stage, that Plaintiff has alleged facts that "raise [his] right to relief above the speculative level." *Id.* at 555. He therefore has satisfied the "short and plain statement" requirement of Rule 8(b).

The court reaches a different conclusion as to Defendant James. The only allegations that Plaintiff makes against James is that James failed to take disciplinary action against Mejia and Scudder and that James told Plaintiff that he could go to another Bank of America branch. Second

Re-Am. Compl. at 9. In this court's view, James' mere failure to act in response to an alleged discriminatory act is not enough to give rise to plausible inference of discriminatory intent as to him. Therefore, Plaintiff fails to state a claim under Section 1981 against James.

Next, Defendants argue that Plaintiff's Section 1985(3) conspiracy claim must be dismissed because, under the intracorporate conspiracy doctrine, Bank of America cannot conspire with its employees to violate the civil rights laws. Defs.' Mem. at 4. Whether the intracorporate conspiracy doctrine applies to civil rights conspiracies is an open question in this Circuit. *See Bowie v. Maddox*, 642 F.3d 1122, 1130–31 (D.C. Cir. 2011); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017) (citing *Bowie* as setting forth the circuits' varying approaches on the question and refraining from "approving or disapproving of the intracorporate-conspiracy doctrine's application in the context of an alleged [Section] 1985(3) violation"). As the survey of cases in *Bowie* demonstrates, the various circuit courts have taken differing approaches to the question. *See Bowie*, 642 F.3d at 1130–31. The Circuit in *Bowie*, however, declined to resolve the issue because the district court had not expressly reached the issue. *Id.* This court does the same. The court is not satisfied with the parties' briefing on whether the intracorporate conspiracy doctrine applies to cases under Section 1985(3). Defendant simply assumes that the doctrine applies, whereas Plaintiff ignores it altogether. Given the complexity of the question and the fact that the scope of discovery will not be impacted by deferring a decision on Plaintiff's Section 1985(3) claim, the court will await more fulsome briefing on the question and resolve it in the context of summary judgment.[1] *Cf. Glymph v. District of Columbia*, 180 F. Supp. 2d 111, 115

---

[1] The court may not have to resolve the matter if Plaintiff cannot survive summary judgment on his underlying Section 1981 claim. For instance, the court notes that it is unclear whether an essential element of a Section 1981 claim is present in this case: the existence of an impaired contractual relationship. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). As Defendants do not raise the issue here, the court does not venture to address it.

(D.D.C. 2001) (deferring decision on motion to dismiss Section 1981 claim due to "inadequate briefs").

Finally, Defendant maintains that Plaintiff has failed to make out a common law claim of intentional infliction of emotional distress (IIED). The court agrees. Under District of Columbia law, an IIED claim requires a showing of "extreme and outrageous" conduct. *See Kotsch v. District of Columbia*, 924 A.2d 1040, 1046 (D.C. 2007). This is an "exceptionally demanding" standard. *See Bonner v. S-Fer Int'l, Inc.*, 207 F. Supp. 3d 19, 25 (D.D.C. 2016). Although "[r]acial discrimination can amount to extreme or outrageous conduct," *Park v. Hyatt Corp.*, 436 F. Supp. 2d 60, 65 (D.D.C. 2006), that is typically only the case where there is a "pattern of harassment," as opposed to "a few isolated incidents," *Paul v. Howard Univ.*, 754 A.2d 297, 308 (D.C. 2000). *Id.* Here, Plaintiff has alleged experiencing, at most, a few occasions of insulting conduct, but not the kind of pattern of discriminatory behavior required to give rise to a plausible IIED claim. *See id.* Plaintiff's IIED claim is therefore dismissed.

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part, denied in part, and deferred in part. Plaintiff's Section 1981 claim may proceed against all Defendants except James. Plaintiff's IIED claim is dismissed. In addition, the court defers ruling on whether to dismiss Plaintiff's Section 1985(3) claim.

Dated: July 19, 2018

Amit P. Mehta
United States District Judge