# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT FOR COLUMBIA

JOSE G. APOLLO, SR.,

        Plaintiff,

                           Case No: 1:17-CV-02492 (APM)

    v.

BANK OF AMERICA, et. al,

        Defendants

## Pro-se Plaintiff Jose G. Apollo Sr.,

## Motion to Stay Proceeding

Pursuant to the Court's Standing Order, dated August 22, 2018, pro-se plaintiff, Jose G. Apollo Sr., respectfully request that this Court stay all proceedings in this case, until a new judge is assigned, or in the alternative for a Magistrate Judge to be assign to these proceedings, as we now have a clear conflict of interest, to include attached herewith is an accompanied with Motion for the Recusal of United States District Judge, Amit P. Mehta, from this **"Discrimination Case,"** of Public Interest.  In support of this Motion, pro-se plaintiff state as follows:

    1.      On a prior requested extension of time to file, Defendants

RECEIVED

AUG 30 2018

Clerk, U.S. District and
Bankruptcy Courts

finally filed this same Motion in question, on April 27th 2018, ECF No. 16, however, this misconduct prone defendant counsel, in a major blunder, Counsel Farrell disingenuously violated the sufficiency of service of this motion of 4/27/2018 in this manner, after he had filed with the Court on this same day (April 27th 2018) this defendant counsel, well aware that the pro-se plaintiff does not have electronic access to the court, he anticipated but illegally retained the plaintiff copy of this motion in question, and the pro-se plaintiff did not receive his rightful copy of the Motion of 4/27/2018 by mail until May 12th 2018, **(this fact can also be additionally substantiated by affidavits if need be)** this conduct is clearly a violation of **"Federal Rules of Civil Procedure Rule 11(b)."** the plaintiff had until May 22nd 2018 to file with the Court, but he filed his (plaintiff) response on May 16th 2018, ECF No. 17, give and take defense counsel got his Motion from the plaintiff by May 21st 2018, his answer to the plaintiff Motion of 5/16/2018, was by then due no later than May 28th 2018, the plaintiff waited to no availability, seven (7) more days and finally filed his Motion for a Default Judgment, ECF No. 18, the Court in these instances made errors of law, specifically substantive procedural law and the Rule 55, first see >>> Neal v. Kelly, 963 F 2d 453, 456 (D. C. Cir. 1992), this bias Court, did not direct unethical defense counsel Farrell to Local Civil Rule 7 (b) (unless this Local Rule only applies to

this pro-se plaintiff, in these particular proceedings), which states:

> Within . . . such . . . time as the court may direct, an opposing
> party shall serve and file a memorandum of points and authorities
> in opposition to the motion.  If such a memorandum is not filed
> within the prescribed time, the court may treat the motion as
> conceded.

Additionally, this unconstitutional judge also erred, because he (APM)
should have directed misconduct prone Farrell to Rule 6 (d) of the
Federal Rules of Civil which provides:

> When a party may or must act within a specified time after
> service and service is made [by mail or by other means consented
> to by the person served] 3 days are added after the period would
> otherwise expire.

The Court may treat as conceded any motion or argument made within
it that is not opposed within the time limits. In retrospect, these
malfeasances by trial judge Amit P. Mehta are nothing more than
dishonest and illegal behavior, he cannot be trusted, he certainly can no
longer referee this case or any one of my case as a pro-se litigant or an
attorney in the near future; needless to repeat that this improper and
unconstitutional presiding trial judge also engaged in outrageous
nonfeasance, when he corruptly failed to adjudicate a lawful default
judgment, in favor of the pro-se plaintiff, Pursuant to Rule 55, in
essence what we have here is a complete miscarriage of justice, this
court's multiple errors contributed to this trial court improper decisions.

2.      Has we were, after the pro-se plaintiff filed his Motion for
Default Judgment on June 4th 2018, noteworthy is that the attorney of
record for BOFA et al., under the supervisory powers of judge Amit P.
Mehta, Farrell outrageously violated the Federal Rules of Civil
Procedure and this Court Local Rules when this defendant counsel did
not answer in a timely fashion to the pro-se plaintiff Motion of May 16th
2018, but yet conspicuously enough it only took this misconduct prone
defendant counsel Farrell just three (3) days, to file a memorandum in
opposition to the pro-se plaintiff, 6/4/2018 Motion for a Default
Judgment, and this notorious bad litigation tactics counsel Farrell
answered on June 7th 2018, ECF No. 19, evidently Counsel Farrell
knowing that he first got away with the felonious actions of the
sufficiency of service, to his motion of April 27th 2018 and that he also
got away with murder, in terms of the pro-se rightfully submitted 6/4/18
motion for default judgment, which was dismissed as moot, about fifty
(50) days later on July 23rd 2018 by unlawful judge Mehta, obviously
thereafter Counsel Farrell was clearly under the impression that this
unconstitutional trial judge will help this big time, misconduct prone
attorney once more, and without formally requesting leave whatsoever
from this improper trial judge, counsel Farrell decides that the same
answer that was due prior seventy one (71) days ago, that brought

4

about the pro-se plaintiff rightfully so filing of his motion for the default judgment in the case, on June 4th 2018, Farrell felt that he is immune and that he can again freely violate substantive and court procedural laws, to the detriment of the pro-se plaintiff, in repetition, more than sixty (60) days had gone by, this fact clearly evidence that Defendants Motion of August 6th 2018, ECF No. 20 does failed to constitute a timely filing, in addition, and moreover, and again, Counsel Farrell did not present any legal justiciable controversy to this (**fraudulent** ) Court, to support the outrageous delay in filing their motion of 8/6/2018, allegedly purported to answer the pro-se **"May 16th 2018, Second Re-Amended Complaint,"** the record before this Court evidence fraud upon the court and massive collusion, to include the ludicrous clear falsification and omissions to the **"DOCKET,"** this evidence is in violation of **"18 USC 1505,"** and unlike a judge, the Clerk or anyone from the Clerk's Office can be prosecuted for **"Obstruction of Justice,"** the fact is that there is a myriad of preposterous alterations in the docket of this case to unlawfully benefit the Defendants BOFA et al., starting with the ECF No. 16, the Defendants **"April 27th 2018,"** whereby the Defendants with this troublesome motion they committed their first apparent intentional felony with the sufficiency of service of this motion of 4/27/2018, which response in effect corresponded to the plaintiff motion ECF No.14 and not to ECF No. 12, has it is erroneously evidence and

reflected presently in the docket, as we continue chronologically in this court fraudulent docket, please observed that the alterations and obstruction of justice by the Clerk's Office continues, the pro-se plaintiff docket entry ECF No. 17 response does not correspond to responding to docket entry ECF No. 12, but instead the pro-se plaintiff response correspond to ECF No. 16; see as **"Exhibit A,"** docket printout evidencing and deciphering all these egregious clerical errors in the record before the court, stated above, one need not be a rocket science to easily figure out that these fabrications and falsifications are prejudicial against the plaintiff and very much partial in favor of **"Defendants Bank of America et al.,"** the bottom-line of all these matters is that defendant Farrell is sanction able, in many legal respects, because this truly unethical a has taken full advantage of a prejudicial court, but more importantly is the fact that BOFA attorney of record did not litigate in objective good faith; did not zealously litigate the case either, instead this unethical attorney of record, with aid from Officers of the Court, Farrell willfully engaged into blatant disregard for the Local Rules of this same Court with his arrogant and lackadaisical attitude in failing to respond to the pro-se plaintiff **"May 16th 2018, Second Re-Amended Complaint,"** in a timely fashion; nevertheless, as **"Exhibit B,"** see pro-se complete motion of **"May 16th 2018, Second Re-Amended Complaint,"** as can be notice in this well-grounded nineteen

pages **"Response to BOFA Motion to Dismiss Second Re-Amended Complaint,"** in contrast with Counsel Farrell insignificant comments about being grammatical, the pro-se does not need to be too grammatical at this point in time because he is not yet an attorney, when that day comes then Mr. Apollo is expected professionally to be on point with his gramma skills, one thing is for sure is that there would not be an aorta of chance that Mr. is going to be a white collar criminal of an attorney as counsel Farrell certainly is, besides that this case is going to be decided by the law and the evidence, not by corrupt or criminal actions.  Has **"Exhibit C,"** we have the Defendants Motion of June 7, 2018, ECF No. 19 rushed Memorandum in opposition to the pro-se plaintiff June 4, 2018, ECF No. 18 Motion for Default Judgment.  In retrospect, in the body of the Defendants Motion of June 7, 2018 he Farrell makes a number of false, perjured and inaccurate statements, for one at such point in time, April 27, 2018, the briefing to the motion to dismiss was not complete, because he stated so, for one he has no credibility whatsoever and be reminded that this is the same motion that counsel Farrell used to commit the outrageous felony with the sufficiency of service, with the certificate of service, whereby this unethical defense counsel prior swearing that he had mailed out the certificate of service on April 27th 2018, Farrell instead feloniously retained this motion and the pro-se plaintiff, who Farrell knows that

the pro-se plaintiff does not have electronic filling access, and the plaintiff in effect did not receive this critical motion until Saturday May 12th 2018, and has stated above the plaintiff did filed a timely response on May 16th 2018, in furthering this felony Farrell claims falsely that the plaintiff motion of 5/16/2018, was improperly filed, sur-reply mumbo jumbo and so forth, there are several answers that offset these perjured statements, a very important question, is why did the trial not end the case at such point in time if the falsehood of Farrell is to be believed legally or factually, but most important in this matter is that the burden of proof that Farrell did not intentionally violate the sufficiency of service of the certificate of service of this motion of **"April 27th 2018,"** is on defense counsel Farrell, that is the law around this circuit and no one is above the law, not even big and mighty Bank of America.  And this is the most important issue of this case.  Please see attached herewith Affidavits by Mr. Apollo and a female guest that was in town for ten (10) days from May 8, 2018 until May 18 2018, these affidavits is material evidence, that Farrell intentionally committed a felony with the certificate of service with his motion of **"April 27th 2018,"** and that the pro-se plaintiff did not receive this same motion **of "4/27/2018"** at his affluent building the Berkshire until **May 12th 2018**, again and excluding these proffered Affidavits, the burden of proof is squarely on Defendant Farrell.  As we go to docket entry June 15, 2018 ECF No. 20

8

by the plaintiff, the Clerk Office again with intentional and senseless omissions related this motion to ECF No. 18 instead of ECF 19 which corresponds rightfully to the Defendants entry and lastly the Clerk's Office Again with another corrupt blunder, in favor of the Defendants, see docket August 6, 2018 ECF No. 22 the Clerk Office instead of relating to ECF No. 17 of May 16, 2018, they go all the way back approximately six (6) months, to February 26, 2018 ECF No. 11, the plaintiff is sure that amongst other authorities the United States Justice Department is going to look forward in investigating this case, has them and the Federal Bureau Investigation are the only government law enforcement that can investigate this type of R. I. C. O. government personnel elements.

## CONCLUSION

Because of all these very disturbing facts of the case, the full blossom of Judge Amit P. Mehta with his Order of 8/22/2018 is a strong sign of a clear personal bias which perhaps stems from a very possible related case, nevertheless, just when the pro-se plaintiff was preparing to rightfully file his Motion Pursuant to 28 USC 1927, against Kevin Farrell, the evident bias trial judge unleashes not a legal warning but a very indecent treat, to the property interest of the Case, that Mr. Apollo has already won by way of a default judgment, thus the pro-se is going to exercise his Constitutional Right and remove this ultra-dishonest

judge, the most disgusting fact of this improper judge bias stance against Mr. Apollo, is when he abused is power, to try and obstruct the most important element tort element of the lawsuit, which is the **"grossly egregious, Intentional Infliction of Emotional Distress,"** subjected to Mr. Apollo by Bank of America et al., for example there is a recent Rule that allows this current trial judge to communicate to the original trial judge of these proceedings in terms of material facts of the, and the pro-se stated in the pleadings, in details that prior Superior Court Judge Winko stated in open court that the plaintiff have a very strong case for **Intentional Infliction of Emotional Distress,** claims but this presiding trial judge dishonestly totally disregarded this crucial material fact favorable to the pro-se plaintiff and dismissed this element to clearly favor the Defendants.  However, see as **"Exhibit D,"** first and last page of the transcripts of the hearing before Honorable Judge Winko, as proof that this judge was the original presiding trial judge of these proceedings.  Also see hereto additional material evidence as **"Exhibit E,"** letter from the pro-se plaintiff physician, who is a veteran of three (3) branches of the military (**The Marines, The Army and The Navy.**)  Also see as **"Exhibit F,"** Order of **August, 22nd 2018.**


Accordingly, the pro-se plaintiff respectfully request the **United States District Court for the District of Columbia** stays these entire

proceedings until a Magistrate Judge or a new un-bias judge is appointed.

Dated August 30th , 2018

Respectfully submitted,

4201 Massachusetts Avenue N.W.

Apartment 6049C

Washington, District of Columbia

20016

worldwidepowerlegalservices@yahoo.com

Pro-se, Plaintiff

Telephone: (202) 684 0250

Jose G. Apollo Sr.,

Signature: _____

CERTIFICATE OF SERVICE

I HEREBY certify that the above Motion for Sanctions, was filed and served via U.S. First Class Mail, on ~~30th August, 2018~~ postage pre-paid.

To:

Wilson, Elser, Moskowitz, Edelman & Dicker LLP

Kevin P. Farrell, Esq., #492142

700 11th Street, N.W. Suite 400

Washington D.C. 20001

Telephone: (202) 626 7660

Kevin.Farrell@wilsonelser.com