# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE G. APOLLO, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-2492 (APM) |
| BANK OF AMERICA, N.A., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pro se Plaintiff Jose G. Apollo, Sr. brought this action alleging race discrimination in violation of 42 U.S.C. §§ 1981 and 1985(3). Notice of Removal, ECF No. 1-1. In short, Plaintiff claims that, on or about August 3, 2016, Defendant Bank of America and its employees, Defendants Nancy Robinson and Alexandria Scudder, refused to provide him banking services and threw him out of the Dupont Circle branch because of his race. *See* Second Re-Amended Complaint, ECF No. 11. Defendants now move for summary judgment. Defs.' Mot. for Summ. J., ECF No. 60. Plaintiff did not formally oppose Defendants' motion but did file his own motion for summary judgment. Pl.'s Mot. for Summ. J., ECF No. 69 [hereinafter Pl.'s Mot.]. As explained below, Defendants' motion is granted, and Plaintiff's motion is denied.

Defendants have offered a non-discriminatory reason for removing Plaintiff from the Dupont Circle branch on the date in question: Plaintiff was rude and verbally abusive to employees who were trying to assist him with a wire transfer. *See* Defs.' Stmt. of Material Facts, ECF No. 60, at 12–13. Plaintiff has not disputed Defendants' factual assertions. The court thus treats Defendants' facts as conceded, *see* Fed. R. Civ. P. 56(e)(b), and concludes that there is no genuine

dispute of material fact as to Defendants' non-discriminatory motive for removing Plaintiff from the bank.

Although a pleading by a pro se litigant is liberally construed, he still must comply with the Federal Rules of Civil Procedure and this court's local rules. *See Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiff received ample warning as to what was required of him in responding to Defendants' motion for summary judgment. The court orally advised him at the hearing held on June 4, 2019, that his opposition "needs to be supported by admissible facts in order to try to overcome the motion for summary judgment." Hr'g Tr., 6/4/19, ECF No. 56, at 18. The scheduling order that followed stated that a party "opposing the motion shall . . . submit a statement responding to each material fact presented in the statement of the moving party." Order, ECF No. 51, at 2. The order admonished that it "may treat as admitted facts identified by the moving party in its statement of material facts that are not controverted in the opposing party's responsive statement." *Id.* Finally, as required by Circuit precedent, *see Neal v. Kelly*, 963 F. 2d 453, 456 (D.C. Cir. 1992), the court issued an order after Defendants filed their motion, instructing Plaintiff that he "must present evidence to rebut the moving party's affidavits, such as other affidavits or sworn statements," Order, ECF No. 62, at 2.

Rather than heed these directions, Plaintiff neither filed an opposition brief nor responded to Defendants' statement of facts. Instead, he submitted his own motion for summary judgment, but he did not include with it a statement of undisputed material facts as required by Local Rule 7(h)(1). *See* LCvR 7(h)(1). Plaintiff did belatedly file an "Affidavit in Support of Summary Judgment Motion," in which he purports to confirm the "truth" of "everything" in his Motion for Summary Judgment. ECF No. 79. But the Affidavit serves as no cure. For one, the Affidavit is

no substitute for a statement of material facts. And, second, Plaintiff's summary judgment motion is an incomprehensible jumble of words and conclusory assertions, from which the court cannot discern any factual content, other than the assertion that one of Defendant's employees mispronounced Plaintiff's name. *See* Pl.'s Mot. at 12. The court is not required to hunt for "facts" in a filing that does not clearly identify them. *See Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (explaining that Local Rule 7(h) "embodies the thought that 'judges are not like pigs, hunting for truffles buried in briefs' or the record." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Accordingly, for the foregoing reasons, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied. Additionally, Plaintiff's Amended Motion for Sanctions, ECF No. 80, is denied as without merit. His Motion for Interlocutory Appeal, ECF No. 81, and Motion to Stay Proceedings, ECF No. 82, are denied as moot. Defendants' Motion for an Order Setting a Status Conference, ECF No. 86, is likewise denied as moot. A separate final order accompanies this Memorandum Opinion.

Dated: November 5, 2019

Amit P. Mehta
United States District Judge